**Affirmed and Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00286-CR

**IRVIN HOLLIS FERREE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1292038**

## O P I N I O N

Appellant Irvin Hollis Ferree appeals his conviction for aggravated sexual assault of a child, challenging the trial court's denial of appellant's challenge for cause to a venire member, the trial court's evidentiary rulings, the trial court's alleged denial of appellant's right to confront witnesses, and the trial court's alleged refusal to allow appellant to complete his offer of proof. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the felony offense of aggravated sexual assault of a child, the daughter of appellant's live-in girlfriend. The indictment alleged conduct occurring when the child was between the ages of five and thirteen and living in the same household as appellant. Appellant pleaded "not guilty" to the charged offense, but the jury returned a "guilty" verdict. Appellant was sentenced to ninety-nine years' confinement, and now appeals his conviction.

## ISSUES AND ANALYSIS

In four issues, appellant asserts that (1) the trial court erred by denying appellant's challenge for cause to a venire member because he refused to consider the full range of punishment; (2) the trial court committed reversible error when it denied appellant's request to offer proof of the complainant's motive or bias based on the complainant's sexual activities with others as permitted by Texas Rule of Evidence 412; (3) the trial court violated appellant's Sixth Amendment right to confront witnesses by precluding questions regarding the complainant's prior sexual conduct with others; and (4) the trial court erred by refusing to allow appellant to complete his offer of proof.

### Denial of Challenge for Cause

In appellant's first issue, appellant asserts that the trial court improperly denied his challenge for cause to venire member number 49 on the grounds that the veniremember would not consider the full range of punishment. When reviewing a trial court's decision to deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the ruling. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). The test is whether bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law. *Id.* Before

2

venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views. *Id.* The proponent of a challenge for cause has the burden of establishing that the challenge is proper. *Id.* The proponent does not meet this burden until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law. *Id.* We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a venire member's demeanor and responses. *Id.* A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id.* When the record indicates a venire member's answers were vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. *Id.*

Appellant points to a question posed to the venire panel as to whether the venire members could consider probation as an appropriate punishment for a person convicted of aggravated sexual assault. Various venire members responded "no," including number 49. Appellant further questioned these venire members. As reflected by the record of the follow-up questions, number 49 first admitted that he did not understand the question as it originally was posed because he believed the question asked whether "parole" for five years was appropriate in lieu of five years' confinement. After trial counsel explained how probation would be applied, number 49 indicated that he could not consider probation. The record reflects the following exchange between trial counsel and number 49:

> [Trial Counsel]: Would that be true even if the Judge were to instruct you to consider it?
>
> [Number 49]: He can instruct me to consider it, but still, to me, it's the severity of this type of felony, needs to be—I just don't think probation would be reasonable.
>
> [Trial Counsel]: So you're saying that it would just violate your

3

conscience to do that; is that correct?

[Number 49]:  Correct.

The trial court then questioned number 49:

> [Trial Judge]: Without prejudging this case, the Court needs to know if you can keep an open mind and consider the full range of punishment, which includes, if the jury feels like this is a case that is on the lower end, that they can recommend to the Court that he be placed on supervision.

> The question is simply this:  Can you follow the Court's instruction and the law and consider not what you'll give, but can you put it in your mind and consider the full range of punishment.

> [Number 49]: I could consider it, but I would not support it.

> . . .

> [Trial Judge]:  I have got to follow the law and my question to you is simply this: If the Court instructs you that is the law, will you follow the law?

> [Number 49]:  I would follow the Court's orders or instructions.

The trial court then denied appellant's challenge for cause to number 49. Appellant exercised a peremptory challenge against number 49.  The trial court denied appellant's request for additional peremptory challenges, and appellant noted that objectionable venire members remained on the panel, including venire member number 1, who served on the jury.  We presume, without deciding, that appellant has preserved this issue for appellate review.  *See Davis*, 329 S. W.3d at 807.

Both prosecutors and defense counsel may question a venire panel as to whether venire members can consider the full range of punishment for a statutory offense.  *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010).  A question committing a venire member to consider the minimum punishment is proper and permissible.  *Id.*  A party may challenge for cause any venire member who expressly admits bias or who states an inability to consider the minimum

4

punishment for a particular offense. *Id.* at 185. Opposing counsel or the trial judge may then question the venire member further to ensure that the venire member fully understands and appreciates the position that he is taking. *Id.* If the record reflects that a venire member's answers were vacillating, unclear, or contradictory, then we defer to the trial court's ruling. *See id.*; *Smith v. State*, 297 S.W.3d 260, 268 (Tex. Crim. App. 2009).

Although number 49 initially stated he could not consider probation, the record reflects that, after further questioning by the trial court, number 49 also stated that he could consider probation but "would not support it." The trial court then indicated that the court would be instructing the jury regarding the range of punishment that they should consider and asked number 49 whether he would follow the law. Number 49 responded that he would follow the trial court's orders and instructions. Appellant argues that the answers were not vacillating, unclear, or contradictory. We disagree. Some of number 49's answers indicated he would not consider the full range of punishment even though instructed to do so, but other answers indicated that number 49 would consider the full range of punishment as instructed by the trial court. When, as in the case under review, a venire member's answers are vacillating, unclear, or contradictory, we defer to the trial court's ruling. *See Gardner v. State*, 306 S.W.3d 274, 296–97 (Tex. Crim. App. 2009); *Smith*, 297 S.W.3d at 268–71. We conclude the trial court did not abuse its discretion by denying appellant's challenge for cause to venire member number 49. *See Gardner*, 306 S.W.3d at 296–97; *Smith*, 297 S.W.3d at 268–71; *Harvey v. State*, 123 S.W.3d 623, 635 (Tex. App.—Texarkana 2003, pet. ref'd). We overrule appellant's first issue.

**Alleged Sixth Amendment Violation**

In his third issue, appellant asserts that the trial court violated his Sixth

Amendment right to confront witnesses when the trial court denied appellant the opportunity to cross-examine the complainant about her sexual activities with others. At no time before the trial court's ruling that appellant would not be allowed to cross-examine the complainant regarding these matters did appellant invoke the Confrontation Clause of the United States Constitution or argue that the Confrontation Clause required the admission of this evidence for purposes of impeachment. After the State rested, appellant's counsel stated in open court, outside the presence of the jury, that appellant wanted "to append on [his] bill of exceptions" and that appellant was "also objecting on the grounds rule violation [sic] of confrontation." The trial court responded, "Thank you."

Nothing that appellant did before this exchange preserved error as to his third issue. *See Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005). Presuming, without deciding, that appellant's objection after the State rested was sufficient to raise the complaint made the subject of his third issue, that objection was untimely and did not preserve error. *See* Tex. R. App. P. 33.1(a); *Deener v. State* 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (holding that error must be preserved as to complaint based on Confrontation Clause by a timely and specific objection). Moreover, appellant did not pursue the objection to an adverse ruling. The trial court said, "thank you," when appellant voiced his objection. But, the trial court did not rule on the objection. The trial court's response does not constitute an adverse ruling sufficient to preserve error. *See* Tex. R. App. P. 33.1. *See also Cienfuegos v. State*, 113 S.W.3d 481, 488–89 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (concluding that trial court's ambiguous response of "I understand," did not constitute an adverse ruling). Concluding that appellant did not preserve error in the trial court regarding his third issue, we overrule that issue.

**Alleged Denial of Opportunity to Make Offer of Proof**

In his fourth issue, appellant complains that the trial court violated his right to make an offer of proof by limiting the questioning of the complainant regarding other sex partners. In his appellate brief, without citing any part of the appellate record, appellant asserts that his trial counsel "'fervently and continuously requested the opportunity to make an offer of proof' but was consistently thwarted by the trial court."[1] Appellant asserts that the trial court erred in its "refusal to permit a complete offer of proof," but appellant does not cite or refer to an instance in which the trial court allegedly committed this error.

The record reflects that the trial court allowed appellant to make an offer of proof outside of the jury's presence as to the complainant's answers to cross-examination questions regarding the complainant's other sexual partners, the ages of those sexual partners, a pregnancy in June 2009, and a subsequent abortion. The trial court allowed appellant to make his offer of proof. After appellant's counsel had an opportunity to ask all the questions that he wanted to pose to the complainant in the offer of proof, the State asked the complainant some questions. Appellant's counsel then stated that he wanted to ask "a couple more questions on a slightly different vein." Appellant's counsel asked the complainant about the things other than for being sexually active for which she got in trouble with her mother. The State objected to this question as being outside of the scope of appellant's offer of proof, and the trial court sustained the objection. Appellant's counsel then asserted that, in response to a question from the State, the

---

[1] Appellant quotes from *Spence v. State*, a case in which the trial court erred by refusing to allow appellant to make an offer of proof because the court found such evidence to be immaterial and irrelevant to the case. *See* 758 S.W.2d 597, 599 (Tex. Crim. App. 1988).

7

complainant had testified that she "got in trouble for getting pregnant."[2]  The trial court then denied appellant's request to cross-examine the complainant about her sexual activities with others.  Appellant's counsel added that he also was offering the complainant's purported testimony that she "got in trouble for getting pregnant."  Appellant's counsel did not request an opportunity to add to his offer of proof or make another offer of proof, nor did appellant's counsel object that he had not completed his offer of proof.  We conclude that appellant did not preserve error in the trial court as to his fourth issue.  *See Andrade v. State*, 246 S.W.3d 217, 226 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).  Accordingly, we overrule appellant's fourth issue.

### Denial of Appellant's Request to Cross-examine the Complainant Regarding Her Sexual Activities with Others

In his second issue, appellant contends that the trial court abused its discretion by denying appellant's request to offer proof of the complainant's motive or bias based on her sexual activities with others, as permitted by Texas Rule of Evidence 412.  A trial court's evidentiary ruling is reviewed for abuse of discretion.  *Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex. Crim. App. 1999).  A trial court abuses its discretion when its decision falls outside of the zone of reasonable disagreement.  *Id.*

In a prosecution for aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is not admissible, unless: (1) such evidence is admitted in accordance with paragraphs (c) and (d) of Rule 412; (2) it is evidence: (A) that is necessary to rebut or explain scientific or medical evidence

---

[2] Appellant has not cited and this court has not found testimony by the complainant that she got in trouble for getting pregnant.  In response to a question from the State during the offer of proof, the complainant made an ambiguous response that could be interpreted as testimony that the complainant got in trouble with her mother when she told her mother she was sexually active.

8

offered by the State; (B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged; (C) that relates to the motive or bias of the alleged victim; (D) is admissible under Rule 609; or (E) that is constitutionally required to be admitted; and (3) its probative value outweighs the danger of unfair prejudice. Tex. R. Evid. 412(b). Appellant asserts that the evidence he sought to elicit in his offer of proof is evidence that relates to the motive or bias of the complainant because it shows that the complainant did not like appellant and that she falsely accused appellant of abusing her to conceal her sexual relationships with individuals other than appellant.

The State asserts that the trial court's refusal to allow appellant to ask the questions in his offer of proof is not error because appellant did not follow the procedure delineated in Rule 412(c). For the purposes of our analysis, we presume, without deciding, that appellant followed the procedures stated in Rule 412(c) and 412(d) and that the evidence in the offer of proof relates to the motive or bias of the complainant.

In appellant's offer of proof, under cross-examination, the complainant testified as follows:

- The complainant lied in her forensic interview about not having had sex with individuals other than appellant.
- The complainant had sexual relations with boys and men other than appellant, but those individuals did not molest the complainant.
- By denying that she had had sex with anyone other than appellant, the complainant was not attempting to "put this on [appellant]."
- The complainant became pregnant in the summer of 2009. She does not know who fathered the unborn child, but she was "pretty sure" appellant was the father.
- The complainant had an abortion, but, at that time, she did not express

9

to her mother or anyone else that appellant was molesting her.

- The complainant understands that whoever got her pregnant could get in "some kind of trouble."

- The complainant had sex with three individuals other than appellant, one of whom the complainant says was seventeen years old at the time, and another she thinks was seventeen years old at the time but she is not one-hundred-percent sure. The complainant does not know the age of the third person.

- The complainant might have told another boyfriend that appellant had molested her, but she did not remember that.

In response to questions from the State just after appellant's offer of proof, and outside of the presence of the jury, the complainant testified as follows:

- The complainant got pregnant in June 2009, and told her mother about the pregnancy as soon as the complainant discovered she was pregnant.

- The complainant's mother was "kind of mad" and upset when she learned of the pregnancy, but the complainant was not in trouble.

- The complainant had an abortion in August 2009, and she was not in trouble when her mother took her to get the abortion.

- The first time the complainant told her mother that appellant had molested her was in December 2009.

- Before the complainant got pregnant, her mother knew she was sexually active.

The complainant also gave an ambiguous answer in response to a question from the State. We presume for the sake of argument that the complainant testified in this answer that she got in trouble with her mother when she told her mother she was sexually active.

The case under review involves a "he said, she said" trial. In such cases, the Texas Rules of Evidence should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or the complainant. *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009).

And, Texas law requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion. *Id.* Generally speaking, the Texas Rules of Evidence permit the defendant to cross-examine a witness for purported bias, interest, and motive without undue limitation or arbitrary prohibition. *Id.* at 563.

Appellant relies upon *Hammer v. State*, a case in which the trial court did not allow the defendant to present testimony and documentary evidence indicating the following:

- The complainant was angry with the defendant (her father) because he brought her to a hospital for a sexual-assault examination after she spent the night away from home.

- The complainant told one witness that a certain male sexually assaulted her during her night out. But, she told another witness she actually had sex with her boyfriend (of whom her father did not approve) that night and had lied about having sex with the other male to prevent the defendant from learning she was with her boyfriend.

- The complainant was so distraught by the defendant taking her to be examined for sexual assault that she threatened suicide and was admitted to a state hospital. She was released from the state hospital shortly before the defendant allegedly assaulted her.

*Hammer*, 296 S.W.3d at 567. The Court of Criminal Appeals concluded the trial court erred by excluding this evidence because it was "strong support for [the defendant's] theory that [the complainant] had a motive to falsely accuse him of sexual molestation." *Id.* The high court also noted that this evidence demonstrated that the complainant was not above changing her story of a consensual sexual encounter with her boyfriend into a nonconsensual one with someone else to

11

prevent her father from learning the truth, and presumably punishing her for running away and having sex with her boyfriend.[3] *Id.* In *Hammer*, the excluded evidence strongly supported a possible motive for the complainant to fabricate her allegations and included evidence that the complainant had admitted to lying about being sexually assaulted by another male to prevent the defendant from learning she was with her boyfriend. *See id.* The facts in *Hammer* are materially different from those in the case under review. *See id.*

Appellant also relies upon *Billodeau v. State*. *See* 277 S.W.3d 34 (Tex. Crim. App. 2009). In that case, the Court of Criminal Appeals held that the trial court should have admitted evidence that the child-complainant in that aggravated sexual assault prosecution had made threats to falsely accuse two neighbors of sexual molestation. *See id.* at 238. The high court held that such evidence supported the defensive theory that the complainant's motive in accusing the defendant of sexual molestation was "rage and anger" when he was thwarted. *See id.* at 42. The evidence proffered in the case under review did not include any evidence that the complainant had falsely accused anyone of sexual molestation or that she had threatened to do so. The facts in *Billodeau* are materially different from those in the case under review. *See id.*

Notably, the questions and answers in the offer of proof are not highly probative of the complainant's motive or bias or of a specific bias, motive, or interest to testify in a particular fashion, and there is a substantial danger of unfair

---

[3] The Court of Criminal Appeals also determined the following evidence should not have been excluded because it had the potential to render the complainant's allegations of sexual assault unbelievable under the doctrine of chances: (1) the complainant "told others that she had been sexually molested by [all of] her mother's boyfriends," an accusation of an improbable set of events; and (2) the complainant called her grandmother and informed her that five men were holding her at knife-point and threatening to rape her but later admitted she fabricated the story. *Id.* at 569–70.

prejudice from evidence of the complainant's sexual relationships with three other individuals, her pregnancy, and her abortion. We conclude the trial court did not abuse its discretion by impliedly concluding that the probative value of this evidence did not outweigh the danger of unfair prejudice and, thus, the proffered evidence was inadmissible under Rule 412. *See* Tex. R. Evid. 412; *Ray v. State*, 119 S.W.3d 454, 458 (Tex. App.—Fort Worth 2003, pet. ref'd); *Stephens v. State*, 978 S.W.2d 728, 734–35 (Tex. App.—Austin 1998, pet. ref'd). For these reasons, we overrule appellant's second issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/     Kem Thompson Frost
        Justice

Panel consists of Justices Frost, Brown, and Donovan.

Publish — TEX. R. APP. P. 47.2(b).