**Affirmed and Memorandum Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00842-CR
NO. 14-14-00843-CR

**JOHN ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 1408377 & 1408378**

## M E M O R A N D U M   O P I N I O N

Appellant appeals his convictions for aggravated robbery and evading arrest. *See* Tex. Penal Code Ann. §§ 29.03 & 38.04 (West 2011). In three issues he argues the trial court erred in denying his challenges for cause to three prospective jurors. We affirm.

# I. Background

Appellant and a co-defendant stole the complainant's car at gun-point while the complainant was looking for his daughter's homework in his car. The complainant reported the theft, and responding police officers discovered the car approximately 20 minutes later. After the officers activated their emergency equipment, appellant and his co-defendant fled in the car. Officers eventually apprehended appellant and the co-defendant in the stolen car. Appellant was advised of his rights, and gave a statement in which he admitted that he participated in the robbery and fled when he saw the police, but was not aware that his co-defendant had a shotgun.

## II. Challenges for Cause to Prospective Jurors

In three issues appellant argues the trial court erroneously denied his challenges for cause to Jurors 6, 29, and 30. Following the seating of the jury, appellant requested three additional strikes, and stated that he would use them on Jurors 14, 19, and 20. The trial court overruled appellant's request for additional strikes.

### A. Standard of Review and Applicable Law

In reviewing the trial court's ruling on a challenge for cause, we review the entire record to determine whether sufficient evidence exists to support the trial court's ruling. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). Because "the trial judge is in the best position to evaluate a veniremember's demeanor and responses," we will reverse a trial court's ruling only if the court clearly abused its discretion. *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009); *Ferree v. State*, 416 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The trial court's ruling warrants particular deference when

a veniremember's responses are ambiguous, vacillating, unclear, or contradictory. *Gardner*, 306 S.W.3d at 296; *Ferree*, 416 S.W.3d at 7.

The defense may challenge a prospective juror for cause if he has a bias or prejudice in favor of or against the defendant, or against any of the law applicable to the cause upon which the defense is entitled to rely. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (West 2006); *see also Gardner*, 306 S.W.3d at 295. The trial court must excuse the juror if "the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law." *Sells v. State*, 121 S.W.3d 748, 759 (Tex. Crim. App. 2003).

**B. Challenge to Juror No. 6**

In his first issue, appellant argues the trial court's erroneous denial of his challenge for cause to Juror No. 6 substantially affected his rights. At the conclusion of his voir dire examination, defense counsel asked if there were any questions he should have asked. Juror No. 6 initiated the following conversation:

> Juror No. 6: I might not be table [sic] to comprehend all the terms because I'm not familiar. English is actually not my first—
>
> [Defense counsel]: Me either. Over in Buckingham Palace they wouldn't — no serious you have difficulty comprehending English.
>
> [Juror No. 6]: You know like technical terms and legal terms and maybe sometimes yeah. English grammar things like that.
>
> [Defense counsel]: Have you understood everything that everybody has said so far in this room?
>
> [Juror No. 6]: I think I pretty much got the picture.
>
> [Defense counsel]: That's not exactly — I speak some Spanish and when I'm in a situation I can pretty much get the picture but I'm not when it comes down so my question is this have you absolutely understood all the language here in the courtroom today?
>
> [Juror No. 6]: Not everything.

Appellant challenged Juror No. 6 for cause due to the language barrier. The trial court asked Juror No. 6 if her language barrier had caused her any problems in understanding the discussion of the legal concepts. Juror No. 6 replied, "I don't think so. I think I understood what ya'll discussed."

Appellant argues that his challenge to Juror No. 6 should have been granted because English was not her first language. The Texas Code of Criminal Procedure provides that a prospective juror may be challenged for cause as incapable or unfit to serve on a jury if the juror cannot read or write. Tex. Code Crim. Proc. Ann. art. 35.16(a)(11) (West 2006); *see also* Tex. Gov't Code Ann. § 62.102(5) (West 2013). Courts have interpreted the literacy requirement to mean that a person must be able to read and write the English language. *Pineda v. State*, 2 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). A prospective juror is challengeable for cause if the juror cannot understand English. *Montoya v. State*, 810 S.W.2d 160, 170 (Tex. Crim. App. 1989).

Earlier in the voir dire examination, the prosecutor asked for suggestions of how a person's intent could be determined. Juror No. 6 replied, "Look at evidence 'cause I can't read their heart." When asked by the court whether her language barrier would cause problems in understanding the proceedings, Juror No. 6 replied, "I don't think so. I think I understood what ya'll discussed." In reviewing this question, we are mindful that the trial court had the opportunity to observe Juror No. 6's personal demeanor, her ability to understand and respond to the court and the attorneys, and her general ability to communicate in English. Juror No. 6 exhibited a greater command of the English language than veniremembers in similar cases in which a challenge for cause has been upheld. *Cf. Montoya*, 810 S.W.2d at 170 (holding that juror who needed an interpreter was properly excused for cause); *Pineda*, 2 S.W.3d at 8–9 (holding that prospective juror who spoke

4

Spanish at home, work, and in his daily conversations and advised the court that he was concerned that "he could miss some things" was properly excused for cause).

The trial court did not abuse its discretion in determining that Juror No. 6 understood the English language sufficiently to potentially sit on the jury. *See Hodge v. State*, 896 S.W.2d 340, 343 (Tex. App.—Amarillo 1995, pet. ref'd) (holding that although prospective juror expressed difficulty in communicating with large words or for an extended period of time in English, this did not disqualify him as a matter of law). We overrule appellant's first issue.

### C. Challenge to Juror No. 29

In his second issue appellant argues the trial court's erroneous denial of his challenge for cause to Juror No. 29 substantially affected his rights. With regard to credibility of witnesses and whether prospective jurors would prejudge the credibility of a police officer, the following occurred during the State's voir dire examination:

> [The prosecutor]: Is there anyone here who is automatically going to hold a police officer as being less credible just because they're a police officer? I don't like the police. I don't believe any police officer. Is there anyone who's going to say I like the police so before I hear this officer testify I'm automatically going to believe him. Can you wait until you hear each witness testify and then determine based on their testimony whether or not you find them credible?
>
> * * * * *
>
> [Juror No. 29]: I have a question.
>
> [The prosecutor]: Yes.
>
> [Juror No. 29]: Even if you wait and you hear it all and maybe they both sound like they're a little credible, credible whatever and you can't make your decision they're going to lean towards that policeman even though you already presented everything that you needed to present as well as the other side. But you're going to lean toward that police officer just because he's in that uniform.

5

[The prosecutor]: What I'm saying is you can't lean towards the police officer just because he's a police officer but once you've heard the evidence, if you believe that officer is telling you the truth that's your right to believe that they're being truthful. You believe a witness is being dishonest once you hear them testify you're here to judge the facts. But what you can't do and what I'm asking that you don't do is make a decision before they actually take the stand and testify.

[Juror No. 29]: I'm sorry.

[The prosecutor]: Yes.

[Juror No. 29]: What I'm getting at is that after you listen to all the evidence, 'cause you're saying a witness is received [sic] the police officer evidence your witnesses are evidence and you're having a really hard time on who's being honest and who's not because somebody is lying because you're going to have two different versions of what really happened. And you're having a hard time weighing who is actually really telling the truth and who is giving you all the information you need to make that informed decision. You're going to lean towards that officer.

Appellant's challenge for cause to Juror No. 29 was denied. Appellant contends Juror No. 29 should have been excused for cause because she would tend to lean toward a police officer's testimony and give him more credibility than other witnesses.

A prospective juror is challengeable for cause under Article 35.16(a)(9) if she cannot impartially judge the credibility of witnesses. *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998). However, this means only that jurors must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness. *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999). Prospective jurors are not challengeable for cause simply because they would give certain classes of witnesses a slight edge in terms of credibility. *Jones*, 982 S.W.2d at 389. A prospective juror who is "simply more or less skeptical of a certain category of witness" is not subject to a challenge for

cause. *Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002).

The proponent of a challenge for cause has the burden of establishing his challenge is proper. *Gardner*, 306 S.W.3d at 295. The proponent does not meet his burden until he has shown that the prospective juror understood the requirement of the law and could not overcome his or her prejudice well enough to follow it. *Id*.

Although Juror No. 29 expressed a tendency to be less skeptical of law enforcement witnesses, she explained that she would listen to all the evidence, and would not automatically believe a police officer prior to hearing the evidence. The record of the voir dire supports the ruling of the trial judge, who was in the best position to evaluate Juror No. 29's responses. We overrule appellant's second issue.

### D. Challenge to Juror No. 30

In his third issue, appellant argues the trial court's erroneous denial of his challenge for cause to Juror No. 30 substantially affected his rights. During defense counsel's voir dire, the following took place:

> [Defense counsel]: Well would you put police officers to a different level of proof when you're considering the credibility of their testimony than an ordinary citizen? Right. A police officer some people would say well, you know I don't trust policemen so I don't care if — you know I don't know anything about this policeman if he's wearing blue I mistrust his testimony. I just try not to believe his testimony. If he's wearing blue he's probably going to tell the truth so I give him an extra credibility boost just because he's a police officer before I hear anything about him, about what he does, what he knows, what he saw, what he heard I'm going to give him an extra credibility boost.
>
> Anybody believe either of those scenarios, don't like cops or trust them?
>
> Yes, sir No. 13.

[Juror No. 13]: I like them, believe them and trust.

[Defense counsel]: Yes, ma'am. So if a policeman testifies, he says I swear to tell the truth and I'm a policeman, you don't know anything about him, do you know anything about what he saw, what he had to say yet I'm a policeman. I swear to tell the truth and he sits down. At that point would you give him a credibility boost over any other kind of witness?

[Juror No. 13]: Yes. And I think our society has a problem trusting them. The criminal trial where race was a factor and nobody, nobody on the jury trusted the police so I grew up that way. I try to be respectful of the policemen but I'm sure it's good police and bad police but we think and I think that if we can't trust our police we got big problems.

[Defense counsel]: Anybody agree with [Juror No. 13]? I think police are more worthy of trust before I hear anything else about them than the average person and I'm going to give a credibility boost based on that.

* * * * *

[Defense counsel]: Okay. And No. 30 [ ], you believe that too? Okay. You tend to give the police an extra credibility boost just because he's a policeman?

[Juror No. 30]: Yeah. When you say he — as he described it.

In considering the challenge to Juror No. 30, the trial court asked the following questions:

THE COURT: Follow-up question for No. 30. In terms of police officer testimony can you wait and hear what a police officer testifies to before you judge his credibility or have you already made up your mind?

[Juror No. 30]: I'll wait for him.

Juror No. 30, like Juror No. 29, stated that he would wait to hear a police officer's testimony before judging his credibility. Initially, Juror No. 30 agreed with another juror that he would "give a credibility boost" to a police officer. However, when questioned by the trial court, Juror No. 30 agreed to wait to hear

8

the testimony before judging a police officer's credibility. Appellant has not shown that Juror No. 30 could not overcome his bias well enough to follow the law. *See Gardner*, 306 S.W.3d at 295. Because the trial court acted within its discretion in denying appellant's challenge for cause to Juror No. 30, we overrule appellant's third issue.

We affirm the trial court's judgment.


/s/  Sharon McCally
    Justice



Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).