**Opinion issued January 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NOS. 01-13-00894-CR, 01-13-00895-CR

————————————————

## JULIO ALVARADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1325689, 1325690**

## MEMORANDUM OPINION

A jury convicted Julio Alvarado of two counts of aggravated sexual assault of a child under 14 years of age. *See* TEX. PENAL CODE § 22.021(a)(1)(B). The jury assessed punishment at six years under one count and five years under a related count, to run concurrently. Alvarado appealed, claiming: (1) the trial court

erroneously excluded the testimony of two witnesses for the defense, thus denying him due process of the law; (2) the trial court improperly designated an outcry witness under Code of Criminal Procedure article 38.072; and (3) he was denied his right to fully cross-examine a witness, violating the Confrontation Clause of the Sixth Amendment of the U.S. Constitution.

Finding no reversible error, we affirm the trial court's judgment.

## Background

Appellant Julio Alvarado lived with his wife, Gloris Gonzales, and the complainant, who is his daughter from a previous marriage. One evening, Gonzales informed Alvarado that the complainant, who was 13 years old at the time, had been using her mobile phone to send inappropriate text messages. After Alvarado reprimanded the complainant, she accused him of repeatedly sexually assaulting her. Based on these allegations, Gonzales became concerned that the complainant could be pregnant, and asked her not to tell anyone about the alleged abuse. The complainant assured Gonzales that she was "a virgin" and could not be pregnant.

Two days later, the complainant spoke with a friend's mother, V.B., who (in turn) called Child Protective Services, the complainant's school, and Pastor Marcelo Manchuca, the leader of Alvarado's church. A CPS investigator, Shantaria Francis, interviewed the complainant. During the interview, the complainant

2

denied that she had been assaulted; she later testified that she had not told Francis about the abuse. The complainant also visited a school counselor, Yvonne Evans, on several occasions, but she did not report any abuse.

Pastor Manchuca subsequently held a meeting including Gonzales, Alvarado, V.B., and the complainant. Manchuca discussed the sexual abuse with the complainant, and he asked her "about penetration." The complainant claimed that Alvarado had, on several occasions, "masturbated himself and allowed the semen to fall in her body." According to Manchuca, the complainant stated that Alvarado had "[t]ouched her with his penis in her vagina" but that "she felt that he touched her and she push[ed] him away." Alvarado denied the allegations. Manchuca insisted that the complainant leave Alvarado's home and stay with him instead, and Alvarado signed a document purporting to temporarily release the complainant into his care.

Roughly one month later, the complainant went to the Harris County Children's Assessment Center for a forensic interview. The interviewer, Claudia Mullin, testified that at this interview the complainant gave detailed descriptions of sexual assault and vaginal penetration, including specific places in the home where the events occurred and details about the way they were perpetrated. The complainant said that the incidents would occur frequently when she was between

3

11 and 13 years old, as often as three to four times per week. The complainant was subsequently placed with a foster family.

Alvarado was charged and found guilty on two counts of aggravated sexual assault of a child less than 14 years old. The jury sentenced Alvarado to imprisonment for six years for the first count and five years for the second, and the court set both punishments to run concurrently. Alvarado appealed.

**Analysis**

**I.    Exclusion of defense witnesses**

In his first issue, Alvarado claims that the trial court erred by excluding testimony from Francis (the CPS investigator) and from Evans (the school counselor). Alvarado labels these as "recantation witnesses" and argues that they would have provided important evidence regarding the complainant's credibility. He contends that these two witnesses would have provided exculpatory evidence that the complainant denied any sexual abuse. Alvarado asserts that the exclusion of this evidence deprived him of his due-process right to present a complete defense. The State responds that the testimony was cumulative and that Alvarado's claims on appeal do not comport with his arguments regarding admissibility at trial, as he did not assert that either witness was intended to offer recantation evidence.

In order to contest the admission of evidence on appeal, the complaining party must have stated the grounds for the requested ruling at trial with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1. The objection to the court's ruling also must be specific when given in a formal bill of exception. TEX. R. APP. P. 33.2.

The Court of Criminal Appeals has interpreted these requirements to support the theory of "party responsibility" for error preservation, where the proponent of admission, "if he is the losing party on appeal, must have told the judge why the evidence was admissible." *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). In *Reyna v. State*, this rule was applied to overrule the appellant's argument that the Confrontation Clause demanded admission of evidence, as he had not presented that argument at trial. *Id.* at 179. This court may not reverse a conviction on the basis of excluded evidence when the proponent's argument on appeal was not presented to the trial judge. *See id.* at 179–80.

At trial, Alvarado sought to examine CPS investigator Francis about her interview with the complainant. The State objected to the discussion of the complainant's allegations and her responses to Francis's questions as hearsay. The State also objected to the topic of whether the complainant previously had learned about the difference between "appropriate and inappropriate touches" as irrelevant. The court sustained both objections. In response to the objections, Alvarado said

5

that Francis's testimony was not intended to be used for impeachment, but rather for "context."

Alvarado examined Francis without the jury present to make a bill of exception. Francis testified that she had interviewed the complainant and established that she knew the "difference between a truth and a lie" before asking if she had told "anybody that anyone has been touching her inappropriately on her private areas." Francis testified that the complainant said that she had not been touched in her "private areas" and had not been shown pornography. Francis also stated that CPS protocol was to ask children whether they understood about "private parts" and "inappropriate touches" and that the complainant should have been told about "inappropriate touches" during prior contact with CPS.

After Alvarado questioned Francis, he argued that the testimony was relevant to show that the complainant did know what "inappropriate touches" were despite her assertion otherwise. The trial court confirmed its ruling that the testimony was excluded.

Alvarado also attempted to call Evans, the school counselor, to testify that the complainant did not describe her abuse during any meetings at the school counseling office. He argued that the testimony would show "state of mind based on the complaining witness's demeanor." Alvarado further explained that Evans was not being called as an expert, but rather as someone the complainant trusted to

6

whom she did not disclose any abuse. The court excluded this testimony on relevancy grounds.

Evans testified outside the presence of the jury that she had received an anonymous tip that the complainant had been abused and that she had spoken with the complainant several times as a result. Evans stated that the complainant had told her "there was nothing . . . to be concerned about" when they met. Evans believed that the complainant's reactions were likely indicative of lasting grief over her mother's death. The court confirmed its ruling excluding the evidence as irrelevant after Alvarado made his bill of exception.

On appeal, Alvarado argues that as "recantation witnesses" both Francis and Evans should have been allowed to testify about their communications with the complainant. However, Alvarado did not specifically assert these grounds at trial. Instead, he stated that Francis's testimony should be admitted to controvert the complainant's supposed lack of knowledge regarding sexual behavior. Alvarado specifically denied to the trial court that he was seeking to introduce Francis's testimony regarding her interview with the complainant for impeachment purposes. Evans's testimony was offered to show the complainant's "state of mind." Rather than an outright recantation or impeachment, her testimony showed only that the complainant did not tell her school counselor about the abuse. As Alvarado did not argue at trial that either witness was intended to present impeachment evidence

regarding the occurrence of abuse, this court cannot reverse on those grounds on appeal. *See Reyna*, 168 S.W.3d at 179–80.

We overrule Alvarado's first issue.

## II. Designation of outcry witness

In his second issue, Alvarado argues that the trial court abused its discretion in determining that Mullin, the forensic interviewer, was the appropriate outcry witness. Alvarado asserts that Mullin was not the first adult that the complainant told about the abuse, and that either Gonzalez, V.B., or Pastor Manchuca should have been designated the outcry witness, as they had heard about the abuse before Mullin.

Article 38.072 of the Code of Criminal Procedure applies to cases in which the defendant is charged with certain offenses against a child under the age of 14, and it provides a statutory exception to the rules against hearsay. *See* TEX. CODE CRIM. PROC. art. 38.072; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The statute allows a complainant's out-of-court statement to be admitted into evidence so long as that statement is a description of the alleged offense and is "offered into evidence by the *first adult* the complainant told of the offense." *Sanchez*, 354 S.W.3d at 484 (emphasis supplied).

The trial court has "broad discretion" in determining the proper outcry witness under the statute, and its ruling will be upheld if it is supported by the

evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (en banc). The outcry witness must have heard more than "a general allusion of sexual abuse" from the complainant. *Id.* at 91. Instead, the complainant must describe the abuse in "some discernible manner." *Id.*; *Bargas v. State*, 252 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Hearsay testimony from more than one outcry witness may be admissible if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011).

The State called Mullin to the stand and certified her as the "outcry witness" in the case, over Alvarado's objection. Alvarado argued that Gonzales, Manchuca, and V.B. all would be more suitable outcry witnesses as they had been involved earlier in the investigation process, and he argued that Mullin was being called to improperly bolster the State's case. The State responded that the prior witnesses only had heard generalities rather than specific details, and that Mullin was the first witness to hear about the charged offenses. The court allowed Mullin to testify as the outcry witness.

Mullin testified that she used a set of established forensic techniques and open-ended questions to elicit details about the abuse from the complainant. The complainant gave Mullin detailed descriptions of several instances of abuse, including one that occurred when the complainant was 11, when Alvarado opened her legs and "put it in her" while "she was crying and telling him to stop." The

9

complainant also told Mullin about an instance when "she was watching Pocahontas on the couch" when Alvarado again assaulted her but "this time he came from behind." Mullin also described another specific memory where Alvarado "got on top of" the complainant while "he still had his clothes on" and "when he finished the liquid came out." Mullin related all three of these incidents in significantly greater detail than any prior witness, and none of the prior witnesses had displayed any awareness of these specific events.

While it is undisputed that all three of Alvarado's suggested outcry witnesses were informed in a general manner about the abuse before Mullin, we hold that the trial court acted within its discretion by allowing Mullin to serve as the outcry witness. Both Gonzales and Manchuca gave testimony that rose only to the level of general allusion. *See Bargas*, 252 S.W.3d at 894–95; *Shaw v. State*, 329 S.W.3d 645, 652–53 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Gonzales testified that the complainant had alleged she was raped, but also that the complainant had told her she was still a virgin. Manchuca claimed he was told about inappropriate contact between Alvarado and the complainant, but he was unclear about whether the complainant told him penetration occurred, as defense counsel attempted to clarify on cross-examination:

Q:    She never told you anything about penetration. Isn't that true?

A:    Tried to.

Q: He tried to?

A: He touched her.

Q: He touched her. She never told you that he put his penis inside her?

A: Touched her with his penis in her vagina.

Q: So she told you he penetrated her?

A: She felt that he touched her and she push[ed] him away.

The record shows that the complainant gave Gonzales and Manchuca confusing, contradictory statements that did not clearly describe the offenses that were ultimately charged against Alvarado. V.B. did not testify to what complainant had told her, as Alvarado successfully objected to this as hearsay. The trial court had no ability to evaluate whether V.B. was a proper outcry witness, as neither Alvarado nor the State alleged at trial that she was the appropriate outcry witness.

Mullin was the only witness to relay the complainant's full description of the alleged offenses. Based on this, the trial court could conclude that Mullin was the first adult to whom the complainant reported the offenses in a discernible manner. *See* TEX. CODE CRIM. PROC. art. 38.072. There was sufficient evidence to indicate that Mullin was a proper outcry witness, and the trial court did not abuse its discretion by designating her as an outcry witness. *See Garcia*, 792 S.W.2d at 91–92; *Shaw*, 329 S.W.3d at 652–53. Accordingly, we overrule Alvarado's second issue.

## III. Exclusion of cross-examination testimony

In his third issue, Alvarado claims that the trial court's decision to exclude testimony regarding V.B.'s status as a rape victim and her role in the community denied him his Sixth Amendment right to confront an opposing witness.

The constitutional right of confrontation includes the right to cross-examine a witness in order to show bias. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51–52, 107 S. Ct. 989, 998–99 (1987); *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010). However, the trial court may impose reasonable limits on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Irby*, 327 S.W.3d at 145 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986)).

If the appellate record shows a constitutional error, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Holmes v. State*, 323 S.W.3d 163, 173–74 (Tex. Crim. App. 2009). But to preserve error on Confrontation Clause grounds, the appellant must invoke the Confrontation Clause or argue that it requires admission for impeachment purposes; an objection under the Texas Rules of Evidence is insufficient to preserve error on Confrontation Clause grounds. *See Reyna*, 168 S.W.3d at 179–

80; *Ferree v. State*, 416 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

During cross-examination of V.B., Alvarado attempted to elicit that V.B. was herself a rape victim, she had told the church that she was previously a victim, and she served as an advocate for women in her community. The State objected that this was irrelevant and argued that this would violate Texas Rule of Evidence 608 as a specific incident used to attack credibility. Alvarado countered that this would show bias under Rule 613. Outside the presence of the jury, V.B. admitted that she was a rape victim and that she had spoken about it at church, but she denied that she was known as an advocate for women. The court sustained the objection and excluded the evidence. Defense counsel briefly argued that there were witnesses that could show that V.B. held herself out as an advocate for victims of sexual assault, but he did not provide specific names or object further. The court reiterated its ruling that the evidence was not admissible.

Alvarado's argument on appeal is specifically limited to an allegation of constitutional error to invoke the more favorable standard of review for such errors. But he did not refer to the Confrontation Clause at any point during his questioning of V.B. or his offer of proof, instead arguing solely on the basis of the Texas Rules of Evidence. "When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the

objection is not sufficiently specific to preserve error." *Reyna*, 168 S.W.3d at 179. Because Alvarado never raised the Confrontation Clause, he failed to preserve error on Confrontation Clause grounds. *See id.*

We overrule Alvarado's third issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

14