**Affirmed and Opinion filed June 20, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00037-CR

**SHAUN EVERTTE CRAVEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1481381**

## O P I N I O N

Appellant Shaun Evertte Craven appeals the trial court's judgment adjudicating guilt based on violations of the terms and conditions of his deferred adjudication community supervision. Appellant asserts that the trial court abused its discretion in adjudicating guilt following a hearing at which the court permitted evidence appellant contends violated his right under the Sixth Amendment to be confronted with the witnesses against him. Concluding that appellant failed to preserve the issue for appellate review, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded "guilty" to possession of less than a gram of methamphetamine.  The trial court deferred adjudication and placed appellant on community supervision for a period of two years.  During that period, the State moved to adjudicate guilt on the basis of appellant's alleged violations of community-supervision terms and conditions, and, in particular, "[f]ailing to avoid injurious and vicious habits" such as the use of controlled substances, including methamphetamine.  In the motion the State alleged that controlled substances were found "in a urine sample taken from [appellant] on December 14, 2016 at the Harris County Community Supervision and Corrections Department."

The trial court held a hearing on the State's motion to adjudicate appellant's guilt.  In support of its failed-drug-test allegation, the State presented three witnesses and offered two exhibits pertaining to appellant's December 14, 2016 urine analysis.

At the end of the hearing the trial court stated that it found the alleged violations concerning appellant's use of controlled substances to be true. On the same day, the trial court signed a written judgment adjudicating appellant's guilt for the original possession offense.  In the judgment the trial court found that appellant violated the terms of his community supervision by committing an offense against the State of Texas, failing to avoid injurious or vicious habits, failing to report to the community-supervision officer, and failing to provide proof of employment.  The trial court assessed appellant's punishment at two years' confinement.

## II.  ISSUE AND ANALYSIS

In his sole issue on appeal, appellant asserts that the trial court abused its

2

discretion in granting the State's motion to adjudicate guilt because the only evidence offered in support of the motion violated his right under the Sixth Amendment's Confrontation Clause to be confronted with the witnesses against him, as explained in *Bullcoming v. New Mexico*. *See* 564 U.S. 647, 663, 131 S. Ct. 2705, 2716, 180 L.Ed.2d 610 (2011) (finding a Confrontation-Clause violation where defendant was unable to cross examine a forensic analyst who performed or knew about the particular blood-alcohol test or testing process employed). As a threshold matter, we consider whether appellant preserved this error in the trial court.

For an accused to preserve error as to an alleged violation of his right under the Confrontation Clause to be confronted with the witnesses against him, the accused must make a timely objection with enough specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See* Tex. R. App. P. 33.1; *Linney v. State*, 401 S.W.3d 764, 772 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("The Constitution does not relieve a defendant from the obligation to comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."). Appellant voiced two objections during the hearing: (1) a hearsay objection to the admission of the urine-analysis results, and (2) during his closing statement appellant pointed to a recent United States Supreme Court case and stated that his Confrontation-Clause rights were violated.

### Hearsay Objection

When the State offered the lab results into evidence, appellant's counsel stated "I would just object that it's hearsay, Judge. It's coming from a lab somewhere that this witness has no personal knowledge of." The complaint raised on appeal must comport with the objection raised at trial. *Wilson v. State*, 71

3

S.W.3d 346, 349–50 (Tex. Crim. App. 2002). Appellant does not complain about hearsay on appeal. Nothing about appellant's objection would have alerted the trial judge to his complaint on appeal that admitting the report violates appellant's rights under the Confrontation Clause or principles "under *Bullcoming*." *See Paredes v. State,* 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (recognizing that objections based on hearsay and on the Confrontation Clause are separate objections). Because appellant failed to raise a Confrontation-Clause objection at the time the trial court admitted the lab report into evidence, appellant waived this complaint. *See id.; Wilson v. State*, 71 S.W.3d at 349.

### *Closing Remarks Objection*

To preserve error on Confrontation-Clause grounds, the objector must voice the complaint as soon as the basis for the objection becomes apparent. *Torres v. State*, 424 S.W.3d 245, 255–56 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Appellant's counsel stated in closing remarks:

> Judge, I would urge you to make a finding of not true. The only allegation they presented any evidence on was the one drug test that was testified to, the one on December 14, 2016. All they presented was hearsay. The witness called is the custodian of the records. I asked him if he did any of the -- did he receive the package? Did he analyze it? Did he make these entries? He did nothing on that, Judge. They presented pure hearsay. And I would object to it under *Bullcoming*. I can't cross him about any of the matters concerning the validity or the accuracy of the drug testing in the one allegation that they presented to the Court; so I would ask, Your Honor, for a finding of not true.

Appellant did not raise his Confrontation-Clause objection during the testimony of any of the witnesses, including the custodian of records mentioned in appellant's counsel's closing remarks. Appellant first objected on Confrontation-Clause grounds during closing argument, after the close of the evidence. At this

4

juncture, three witnesses already had testified: (1) Mario Oliva, the urine-analysis monitor at the Harris County Community Supervision and Corrections Department who collected appellant's sample; (2) Tom Freijo (mentioned in the closing remarks), who was both the lab's records custodian and the director of the lab that accepted and analyzed appellant's urine sample; and (3) Angelica Salazar, the probations officer who reviewed the lab results, determined that the results indicated a violation of appellant's community supervision, and submitted a form showing violations to the court. Each witness testified about their respective links in the chain of custody, basis of knowledge, and their involvement in the process. Freijo and Salazar both testified, without objection, that appellant's urine analysis was positive for delta-9-carboxy-tetrahydrocannabinol (marijuana), amphetamine, and methamphetamine. Though appellant's counsel took issue with Freijo's basis of knowledge in the closing remarks, appellant made no objection to the evidence when the witness testified.

Appellant's counsel did not raise any objection based on *Bullcoming* or the Confrontation Clause until after the evidence had closed. Presuming for the sake of argument that appellant's counsel's remark during closing argument was intended to serve as an objection, and was not purely rhetorical, it was too late for the trial judge to do anything about it. *See Torres v. State*, 424 S.W.3d at 256 (holding that defendant failed to preserve error on Confrontation-Clause grounds because he did not object to the complainant's testimony while she was on the stand); *see also Ferree v. State*, 416 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (concluding appellant failed to preserve error on Confrontation-Clause grounds when no objection was made until after State rested). In his closing remarks, appellant's trial counsel even acknowledged the moments during Freijo's cross-examination when it became apparent that the witness was unable to

answer for certain aspects of the validity and accuracy of the drug testing. To have preserved this complaint, appellant would have to have objected when the witness gave testimony about the report findings. *See e.g.*, *Lee v. State*, 418 S.W.3d 892, 894–95 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Because appellant failed to raise his Confrontation-Clause objection at the time the lab report was offered into evidence, appellant has waived this complaint on appeal. *See Torres v. State*, 424 S.W.3d at 256; *Ferree v. State*, 416 S.W.3d at 7. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.

Publish — TEX. R. APP. P. 47.2(b).