**Affirmed and Memorandum Opinion filed January 9, 2024**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00478-CR

**JESSICA LYNN MUSANTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No 1
Fort Bend County, Texas
Trial Court Cause No. 18-CCR-198221A**

### MEMORANDUM OPINION

Appellant Jessica Musante was charged with theft of property of more than $100 and less than $750. Tex. Penal Code Ann. § 31.03(e)(2)(A). She was convicted by a jury and sentenced to 30 days in jail. Appellant asserts two issues on appeal: (1) the trial court erred in admitting surveillance video of the incident because the video lacked a proper chain of custody; and (2) the court erred in admitting the police body camera video because appellant's encounter with police constituted custodial interrogation without *Miranda* warnings. *Miranda v. Arizona*,

384 U.S. 436, 467–68 (1966). Finding no error, we overrule appellant's issues and affirm the judgment of the trial court.

## Background

On December 28, 2017, a Target asset protection manager observed appellant stuffing cosmetics worth $378.82 into her purse and leaving without paying for the items. Appellant objected to the introduction of a surveillance video showing her in the store based on hearsay, arguing the business record exception did not apply. Appellant also objected to the introduction of police body camera video because it depicted a custodial interrogation and she was not given her *Miranda* warnings. The trial court overruled both objections.

## Analysis

### I. Authentication

### A. Error not preserved because the objection at trial was different than the error argued on appeal.

In her first issue, appellant claims the court erred in admitting a surveillance video of the incident because the video lacked a proper chain of custody. But she did not preserve error on appeal because her objection in the trial court does not match her complaint on appeal. To preserve an error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). If an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

Here, the defense objection made in the trial court — hearsay — differs from the defense complaint on appeal: a lack of authentication error due to an improper chain of custody. *See H2O Sols., Ltd. v. PM Realty Grp., LP*, 438 S.W.3d

606, 623 n.6 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("Authenticity of a document and admissibility of that document under an exception to the hearsay rule are separate inquiries.") Specifically, the authentication inquiry is a prerequisite to admissibility. *See S.D.G. v. State,* 936 S.W.2d 371, 381 (Tex. App.—Houston [14th Dist.] 1996)*, writ denied). ("*The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.") Similarly, this court held a hearsay objection made at trial does not preserve a Confrontation Clause error on appeal. *See Craven v. State*, 579 S.W.3d 784, 786-87 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (Finding that an objection made on hearsay grounds does not preserve a Confrontation Clause complaint on appeal.)

At trial, the defense objected to the surveillance video marked State's Exhibit 2 because it was hearsay and the business record exception was not satisfied. The trial court overruled that objection. On appeal, appellant claims the trial court failed to properly authenticate the surveillance video marked State's Exhibit 2 because a proper chain of custody was not established, as no one from the company which stored the video testified that the company received the video or returned it to prosecutors.

In sum, appellant did not preserve any error for review because the objection at trial was different than the complaint made on appeal. *See Thomas,* 723 S.W.2d at 700.

### B. No authentication error because surveillance video was authenticated through a witness with personal knowledge.

But even if appellant preserved her authentication objection on appeal, her argument fails. On appeal, we review a trial court's ruling on authentication issues under an abuse of discretion standard. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex.

Crim. App. 2018). This deferential standard requires us to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* A trial court is given considerable latitude with regard to its evidentiary rulings, and different trial judges may "reach different conclusions in different trials on substantially similar facts without abusing their discretion." *Id.*

To authenticate a piece of evidence, the proponent must provide evidence sufficient to show "the item is what the proponent claims it is." Tex. R. Evid. 901(a). Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). "[T]he most common way to authenticate a video is through the testimony of a witness with personal knowledge who observed the scene." *Jackson v. State*, 617 S.W.3d 916, 931 ((Tex. App.—Houston [14th Dist.] 2021, no pet.) (quoting *Fowler*, 544 S.W.3d at 849).

Video recordings without audio are treated as photographs and are properly authenticated when it can be proved that the images accurately represent the scene in question and are relevant to a disputed issue. *Fowler*, 544 S.W.3d at 849. Any witness who observed the object or the scene depicted in the photograph may lay the predicate. *S.D.G.* 936 S.W.2d at 381. The trial court is afforded considerable discretion in ruling on the admissibility of photographic evidence. *Id.* "When a motion picture or a photograph is a proper representation of an important fact in issue, the admission or rejection of it is a matter which rests largely within the discretion of the trial judge, and that decision will not be disturbed on appeal unless an abuse of discretion is shown." *Id.* (quoting *Apache Ready Mix Co., Inc. v. Creed,* 653 S.W.2d 79, 84 (Tex. App.—San Antonio 1983, writ dism'd). Evidence can also be authenticated by the "appearance, contents, substance,

4

internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Jackson*, 617 S.W.3d at 931 (quoting *Fowler*, 544 S.W.3d at 849).

In a jury trial, it is the jury's role ultimately to determine whether an item of evidence is indeed what its proponent claims; the trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic. *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015). Conclusive proof of authenticity before allowing admission of disputed evidence is not required. *Fowler*, 544 S.W.3d at 848. The authentication rule 901 "merely requires some evidence sufficient to support a finding that evidence in question is what the proponent claims." *Id.*

Here, the surveillance video marked State's Exhibit 2 was properly authenticated because a witness with personal knowledge, the Target asset protection manager Christopher Beisart, testified he was operating the video surveillance system when the video was captured. Moreover, Beisart testified that the surveillance video, which has no sound, was a true and accurate representation of the events and that the video had not been altered in any way. Finally, the surveillance video was properly authenticated because Beisart testified that he recognized his initials on it.

In conclusion, the surveillance video marked State's Exhibit 2 was properly authenticated because Beisart had personal knowledge of the recording and testified it accurately represented the scene. We overrule appellant's first point of error.

## II. *Miranda* error not preserved due to the objection's lack of specificity.

In appellant's second point of error, appellant claims the court erred in

5

admitting the police body camera video because the video depicted custodial interrogation when appellant was not given her *Miranda* warnings.

When parts of a recording are inadmissible, and other parts are admissible, error is not preserved if the objection does not specifically point out which portion is inadmissible. *Whitaker v. State*, 286 S.W.3d. 355, 369 (Tex. Crim. App. 2009). A trial court is not obligated to search through the evidence and remove "all of the inadmissible references so that the recorded statements only contained the admissible evidence." *Id*.

Here, the body camera video is about fifty-four minutes and shows Officer Torres and appellant as Officer Torres completes his investigation of the theft. Appellant argued six minutes of the body camera video was inadmissible because she claimed she was in custodial interrogation without having received her *Miranda* rights, but did not specify which portion of the video was inadmissible in her objection[1].

> MR. HUGHES: Okay. Your Honor, it is our position that parts of the video, by no means, all, in fact, it's probably only about six minutes by my calculation. It's the Defense's position that the questioning of Officer Torres questioning Ms. Musante constitutes custodial interrogation. It's our position that she was, in fact, in custody. She was not free to leave, and that Miranda warnings were not given prior to that questioning beginning. So, for that reason, we would argue that it's not admissible pursuant to 38.22 Section 3 because the Miranda warnings weren't given; and as a result, it will also be inadmissible pursuant to Section 38.23 because it was a legal –
>
> THE COURT REPORTER: I'm sorry. A legal what?
>
> MR. HUGHES: Illegally obtained.

---

[1] It is impossible to tell which six minutes appellant is referring to after viewing the entire body camera video.

Thus, the error was not preserved because appellant did not specify which part of the recording she believed was inadmissible. We overrule appellant's second point of error.

## CONCLUSION

We affirm the trial court's judgment.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher, and Justices Bourliot and Hassan

Do Not Publish — Tex. R. App. P. 47.2(b).

7