

# NUMBER 13-23-00525-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSEPH CLINTON EDWARDS,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Joseph Clinton Edwards appeals his firearm smuggling conviction, a second-degree felony enhanced by a prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 46.14(b). Following a jury trial, Edwards was sentenced to forty years' imprisonment. By two issues, Edwards argues the trial court abused its discretion in

admitting testimony in contravention of his hearsay and Confrontation Clause objections. We affirm.

## I.    BACKGROUND

At trial, the State introduced evidence connecting Edwards to eleven vehicle burglaries and five firearm sales occurring between July 21, 2022, and August 4, 2022. Detective Isaac Leal with the Rockport Police Department testified that Edwards's distinctive neck, leg, and arm tattoos helped "link him to the case" after Edwards was caught on surveillance cameras breaking into vehicles in five of the eleven burglaries. In one recording, Edwards can be seen wearing a t-shirt[1] that he later wore when he was eventually arrested. Detective Leal further testified that Edwards lived with his grandmother, used a vehicle registered to her to commit the offenses, and the vehicle had also been captured in surveillance footage during more than one of the burglaries.

Following Edwards's arrest, wherein Edwards admitted to the thefts and offered to tell officers "where" the firearms were, Detective Leal obtained a search warrant for Edwards's cell phone. Detective Leal noted that Edwards's phone contained images of several of the stolen firearms taken on the same day the firearms had been reported stolen. Text messages and phone calls were also made on the same day of each burglary to one individual ultimately identified as Thomas Simmons.

For instance, on July 21, 2022, two vehicles were reportedly burglarized, and a Smith & Wesson .38 revolver and a Taurus .38 were reported as stolen. Edwards's phone

---

[1] The t-shirt contains the words, "Victory is mine," emblazoned atop an image of a television character, Stewie, from the long-running animated series, *Family Guy*.

2

contained photographs of the Smith & Wesson taken on the same day as the reported burglaries, as well as text messages to Simmons, stating: "[You] interested[?] . . . I got a torus [sic] 38 special." A Smith & Wesson and Taurus containing the same serial numbers of the stolen firearms were later located on Simmons's property. Similar evidence was admitted for burglaries occurring on July 23, August 1, and August 4. In each instance, photographs of the stolen firearms were taken on Edwards's cell phone and text messages and/or phone calls were made to Simmons on the day of the burglaries, and firearms containing matching serial numbers were later located on Simmons's property. Officers recovered five of the eight stolen firearms.

Detective Leal opined Edwards had sold the guns in exchange for money or drugs, specifically heroin, given text messages alluding to narcotics and the number of narcotics confiscated at Simmons's residence. Against Edwards's objection, Detective Leal also confirmed that Simmons's had told Detective Leal "that he had acquired those firearms from [Edwards] knowing that they were stolen."

The jury returned a guilty verdict and sentenced Edwards to forty years' imprisonment. This appeal followed.

## II.    HEARSAY

In his first issue, Edwards contends the trial court abused its discretion by admitting hearsay testimony under the exception for statements against interest. *See* TEX. R. EVID. 803(24). Specifically, Edwards complains of Detective Leal's testimony regarding statements made by Simmons.

3

**A.      Standard of Review and Applicable Law**

A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *Colone v. State*, 573 S.W.3d 249, 263–64 (Tex. Crim. App. 2019). The trial court's ruling will be upheld if it is within the zone of reasonable disagreement. *Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024); *Hall v. State*, 663 S.W.3d 15, 31 (Tex. Crim. App. 2021).

Generally, the hearsay rule excludes any out-of-court statements offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d), 802. An exception to the hearsay rule allows the admission of statements made against the declarant's interest. *Id.* R. 803(24). Rule 803 sets out a two-step foundation for the admissibility of statements against interest. *See Walter v. State*, 267 S.W.3d 883, 890 (Tex. Crim. App. 2008); *see also Strickland v. State*, No. 13-16-00701-CR, 2020 WL 373072, at *20 (Tex. App.— Corpus Christi–Edinburg Jan. 23, 2020, no pet.) (mem. op., not designated for publication). "First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made that statement." *Walter*, 267 S.W.3d at 890–91. "Second, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement." *Id.* at 891. "[T]he trial judge is obligated to parse a generally self-inculpatory narrative and weed out those specific factual statements that are self-exculpatory or shift blame to another." *Id.* at 897.

**B.      Analysis**

Edwards challenges the following colloquy on appeal:

4

| | |
|---|---|
| [State:] | Now in regards to the interview of Ichy, who is actually Thomas Simmons, did he admit that he had acquired those firearms from the defendant knowing that they were stolen? |
| [Detective Leal:] | Yes. |

Detective Leal confirmed Simmons made the statement while being interviewed by law enforcement. Regardless, by Simmons admitting he accepted firearms that he knew had been procured unlawfully—that is, admitting he had committed theft[2]— Simmons was aware he was potentially subjecting himself to criminal liability. *See Walter*, 267 S.W.3d at 891; *Strickland*, 2020 WL 373072, at *21 (concluding declarant was aware he could subject himself to criminal liability because the statement was made during "an interview with law enforcement officers while he was in custody"); *Hernandez v. State*, No. 13-17-00271-CR, 2018 WL 3583835, at *7 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, pet. ref'd) (mem. op., not designated for publication) (concluding same where declarant admitted to committing an offense with the appellant); *see generally* TEX. PENAL CODE ANN. § 31.03. Thus, Simmons's statement satisfies the first step of our inquiry. *See Walter*, 267 S.W.3d at 891.

We next determine the trustworthiness of the statement and consider whether the statement was supported by some corroborating evidence. *See id.* We first note that the statement is devoid of actual blame-shifting. Simmons neither minimizes his own culpability nor seeks to only inculpate Edwards in his statement. In fact, Simmons's

---

[2] A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property," and "[a]ppropriation of property is unlawful if . . . the property is stolen and the actor appropriates the property knowing it was stolen by another." TEX. PENAL CODE ANN. § 31.03.

statement provides no information as to whether it was Edwards who stole the firearms or whether Edwards himself knew the firearms had been stolen. *See id.* at 899 ("[O]ut-of-court statements from a co-defendant that are against the declarant's penal interest but also inculpate the defendant are viewed with some suspicion. That suspicion is lessened when the speaker makes no distinction between his conduct and that of the defendant—where there is absolute equality."); *see also Bell v. State*, No. 01-19-00354-CR, 2020 WL 5048142, at *8, *9 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op., not designated for publication) (categorizing testimony as an admissible "blame-sharing" statement where the witness "did not attempt to minimize his culpability for the capital offense or shift the blame to appellant").

Although Edwards does not challenge the corroboration component, the record includes evidence from which the trial court could have reasonably determined that there existed sufficient corroborating circumstances implicating Simmons's involvement and ensuring the trustworthiness of Simmons's statement: (1) Edwards sent text messages and photographs to Simmons of the same type of firearms that had just been reported stolen; and (2) firearms with serial numbers matching the stolen firearms were confiscated from Simmons's residences. *See Ruiz v. State*, 631 S.W.3d 841, 860 (Tex. App.—Eastland 2021, pet. ref'd); *see also Martinez v. State*, No. 05-18-01269-CR, 2020 WL 1502772, at *6 (Tex. App.—Dallas Mar. 30, 2020, no pet.) (mem. op., not designated for publication). Based on the record before us, the trial court did not abuse its discretion by admitting Simmons's statement to Detective Leal as a statement against interest. *See* Tex. R. Evid. 803(24). We overrule Edwards's first issue.

### III.    CONFRONTATION CLAUSE

Edwards next argues that the trial court wrongly admitted Simmons's statement in violation of his constitutional right to confront witnesses.

The United States and Texas constitutions provide that an accused has the right "to be confronted with the witnesses against him" in a criminal prosecution. U.S. CONST. amends. VI; TEX. CONST. art. I, § 10. Consistent with this guarantee, a testimonial hearsay statement may be admitted into evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004); *Paredes v. State*, 462 S.W.3d 510, 514 (Tex. Crim. App. 2015).

However, a Confrontation Clause complaint requires preservation for appellate review, and a general hearsay objection will not preserve a Confrontation Clause complaint on appeal. *See Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (noting that appellant's "arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument" and finding that appellant waived the latter because "the trial judge 'never had the opportunity to rule upon' this rationale"); *see also* TEX. R. APP. P. 33.1(a). "[I]n order to preserve an argument that the exclusion of defensive evidence violates constitutional principles, a defendant must state the grounds for the ruling that he seeks with sufficient specificity to make the court aware of . . . these grounds." *Golliday*, 560 S.W.3d at 670–71; *see also Garza v. State*, No. 13-19-00472-

CR, 2021 WL 822301, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 4, 2021, no pet.) (mem. op., not designated for publication).

Here, Edwards's initially objected as follows: "Your Honor, I object. I understand that being against his penal interest, but if they want to get [Simmons] here they can subpoena him and bring him over here." The jury was briefly excused, and following a discussion regarding the applicability of Rule 803(24), Edwards stated:

> Your Honor, as I stated before I understand the exception, however, they [have] been in contact with this person, he's obviously been in contact with [the officers]. They could have subpoenaed him. I don't believe they did based on their list and so I would ask that the best evidence rule be followed and that they bring him here. That's all we want. Because I can't cross examine, you know, his statement on this hearsay. I can, you know, I can't ask for further validation, I guess, for [Simmons] because he's not here to answer those questions. So if the State was so determined to get [Simmons's] statements in they could have subpoenaed him and they didn't.

The trial court then overruled Edwards's objection, explicitly identifying the objection as a hearsay objection. Edwards did not seek a ruling on a Confrontation Clause objection.

"The complaining party bears the responsibility of clearly conveying his particular complaint to the trial judge." *Mosley v. State*, 666 S.W.3d 670, 676 (Tex. Crim. App. 2023). On these facts, where it is unclear what Edwards intended to object to but clear what the trial court ruled on, Edwards has not preserved his Confrontation Clause issue for appellate review. *See id.* (concluding appellant's "lack of clarification prevented the trial court from addressing the merits of a[n] . . . objection at trial," and consequently, the issue was not preserved for appeal); *Craven v. State*, 579 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (concluding appellant's Confrontation Clause objection was not preserved where appellant objected under hearsay but also argued he would not

be able to cross-examine the witness if the evidence were allowed in); *see also Brambila v. State*, No. 13-15-00082-CR, 2016 WL 7242847, at *9 (Tex. App.—Corpus Christi–Edinburg Dec. 15, 2016, pet. ref'd) (mem. op., not designated for publication) (concluding appellant failed to preserve Confrontation Clause objection where appellant requested, and was denied, the opportunity to recall a witness). We overrule Edwards's second issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of August, 2024.