

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00432-CR

Rolando **MENDOZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR9296
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　Luz Elena D. Chapa, Justice
　　　　　Beth Watkins, Justice
　　　　　Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 21, 2024

AFFIRMED

　　　Appellant Rolando Mendoza challenges his judgment of conviction for continuous sexual abuse of a child. He argues the trial court erred by (1) admitting certain expert testimony, (2) admitting extraneous offense evidence without sufficient notice, and (3) instructing the jury he elected not to testify. We affirm.

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

## BACKGROUND

Mendoza was indicted on August 21, 2019 for continuous sexual abuse of a child between January 2014 and July 2018. *See* TEX. PENAL CODE § 21.02. A jury found Mendoza guilty in May 2022, and the trial court sentenced him to forty years in the Texas Department of Criminal Justice Institutional Division. This appeal followed.

## ADMISSION OF EXPERT TESTIMONY

Mendoza argues the trial court erred by admitting the expert testimony of Annette Santos because she did not meet the requirements set forth in Texas Rules of Evidence 702, 703, or 705. Specifically, Mendoza contends Santos was unqualified based on her educational degree and lack of substantial forensic training. Mendoza further argues the State failed to establish the reliability and relevance of Santos's expert testimony.

"An appellate court reviews a trial court's ruling on the admission of evidence for an abuse of discretion." *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). "The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably." *Id.* A witness "qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702; *see, e.g.*, *Rhomer*, 569 S.W.3d at 669.[2] Specifically, expert testimony is admissible if it meets three requirements: "(1) The witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is an appropriate one for expert testimony; and (3) admitting the

---

[2] "Witnesses who are not experts may testify about their opinions or inferences when those opinions or inferences are rationally based on the perception of the witnesses and helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." *Rhomer*, 569 S.W.3d at 669 (citing TEX. R. EVID. 701). "There is no distinct line between lay opinion and expert opinion." *Id.*

expert testimony will actually assist the fact-finder in deciding the case." *Rhomer*, 569 S.W.3d at 669 (quoting *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006)) (internal quotation marks omitted). "These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance." *Id.*

However, "a party cannot present a complaint for appellate review unless the record shows that the party made a timely objection or motion stating the grounds for the requested ruling, unless the grounds were apparent from the context." *Null v. State*, 690 S.W.3d 305, 318 (Tex. Crim. App. 2024) (citing TEX. R. APP. P. 33.1). "The party must also obtain a ruling from the trial court or object to the trial court's refusal to rule on the objection or motion." *Id.* (citing TEX. R. APP. P 33.1).

Here, Mendoza did not object to the admission of expert testimony from Santos. Therefore, he failed to preserve the admission of Santos's expert testimony for our review. *See Null*, 690 S.W.3d at 318 (citing TEX. R. APP. P. 33.1). Accordingly, Mendoza's first issue is overruled.

### NOTICE OF EXTRANEOUS OFFENSE EVIDENCE

Mendoza argues the trial court erred in admitting extraneous offense evidence because the State failed to provide sufficient notice of its intent to introduce such evidence, citing Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure articles 37.07(g) and 38.37.

We review the admission of extraneous offense evidence for an abuse of discretion. *See, e.g.*, *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Rule 404(b) provides "[o]n timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-

in-chief." TEX. R. EVID. 404(b).[3] Section 3 of Texas Code of Criminal Procedure article 38.37 provides: "The state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2 not later than the 30th day before the date of the defendant's trial."[4] TEX. CODE CRIM. PROC. art. 38.37, § 3.

On December 27, 2021, Mendoza filed a "motion in limine" objecting to the introduction of extraneous offenses without having received notice. More than four months later, on May 3, 2022—the first day of trial—the State filed its notice of intent to introduce evidence of extraneous offenses. The notice explained the State intended to offer evidence of other crimes, wrongs, and acts during its "case-in-chief" at both the guilt-innocence and punishment phases of the trial. The State identified four crimes, wrongs or acts including two arrests for "assault-family choking" and "injury to a child" that occurred during the pendency of the current case.

During the hearing before the trial commenced, the State clarified it was using a standard form motion, and the evidence was not being offered as evidence of other crimes or wrongs under article 38.37 or Rule 404(b) during its case in chief. Instead, it strictly intended to introduce the evidence as rebuttal evidence on cross-examination if Mendoza elicited character witness testimony. Mendoza contended the notice explained the State intended to introduce the evidence in its case in chief, he was entitled to thirty days' notice of the State's intent to introduce such evidence pursuant to article 38.37, and he was further entitled to a limiting instruction from the trial court. He also requested the exclusion of the evidence pursuant to Rule 404(b) of the Texas

---

[3] Texas Code of Criminal Procedure article 37.07(g) provides "notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b)." TEX. CODE CRIM. PROC. article 37.07(g); *Worthy v. State*, 312 S.W.3d 34, 37–38 (Tex. Crim. App. 2010) (providing because 37.07(g) incorporates Rule 404(b)'s notice requirement by reference, the notice requirement encompasses only case in chief evidence).

[4] Section 1 and 2 of article 38.37 includes evidence of, among other things, Penal Code offenses such as sexual offenses (chapter 21), assaultive offenses (chapter 22), and offenses perpetrated against children. TEX. CODE CRIM. PROC. art. 38.37, §§ 1 & 2.

Rules of Evidence. The trial court explained the notice was "obviously" not timely for an article 38.37 notice, but it explained if the State indeed intended to introduce the evidence in rebuttal, it would first need to move the trial court before introducing the evidence.

The other crimes, wrongs or acts were never introduced into evidence during the State's case-in-chief.[5] We therefore cannot conclude the trial court abused its discretion. *See Martinez*, 327 S.W.3d at 736; *McDonald*, 179 S.W.3d at 576.[6]

### JURY CHARGE ERROR

Mendoza contends the trial court committed jury charge error when it instructed the jury he elected not to testify. Mendoza explains he had wanted to testify, but the trial court's admission of extraneous offense evidence against him gave him no choice but to forego testifying in his own defense.

Appellate courts review a claim of charge error through a two-step process: first determining whether jury charge error exists and then conducting a harm analysis if error is found to exist. *See, e.g.*, *Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021). Article 38.08 of the Texas Code of Criminal Procedure provides "[a]ny defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." TEX. CODE CRIM. PROC. art. 38.08.

Here, we have already concluded the trial court did not abuse its discretion in admitting extraneous offense evidence against Mendoza. We therefore consider only whether the trial court

---

[5] The State introduced the "assault-family choking" and "injury to a child" arrests in rebuttal to the character evidence introduced by Mendoza during sentencing. Mendoza did not object. *See* TEX. R. APP. P. 33.1.

[6] Because the other crimes, wrongs or acts were never introduced into evidence during the State's case-in-chief, we also cannot conclude, as Mendoza argues, the trial court violated his Due Process Clause rights under the Fourteenth Amendment or his Compulsory Process Clause rights under the Sixth Amendment. *See* TEX. R. APP. P. 44.2.

committed jury charge error by instructing the jury Mendoza elected not to testify. The trial court instructed the jury:

> Our law provides a Defendant may testify in his own behalf, if he elects to do so. This, however, is a right accorded a Defendant. And in the event he elects not to testify, that fact cannot be taken as a circumstance against him.
>
> In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

Because this instruction tracks the language of article 38.08, we cannot conclude there is jury charge error as to the instruction. *See, e.g.*, *Lozano*, 636 S.W.3d at 29. Nor does Mendoza otherwise identify how his election not to testify is attributable to trial court error or cite any authority in support of this contention. *See* TEX. R. APP. P. 38.1(i).

Mendoza also contends the error violates his confrontation rights and his right to due process.[7] However, Mendoza did not object to this instruction during the charge conference; he neither did so on constitutional grounds. *See* TEX. R. APP. P. 33.1. He has therefore failed to preserve any such error for our review. *See, e.g.*, *Compton v. State*, 666 S.W.3d 685, 730–31 (Tex. Crim. App. 2023) (overruling contention due process violated in connection with state argument because appellant did not object to argument at trial); *Craven v. State*, 579 S.W.3d 784, 786–88 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("For an accused to preserve error as to an alleged violation of his right under the Confrontation Clause to be confronted with the witnesses against him, the accused must make a timely objection with enough specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context."); *Ferree v. State*, 416 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (concluding appellant

---

[7] Mendoza does not cite any part of the record or any legal authority demonstrating why this violates his right to due process. *See* TEX. R. APP. P. 38.1(i).

failed to preserve Confrontation-Clause error because appellant did not object until after State rested).

## CONCLUSION

The judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH